UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    2:04-cr-3-FtM-29DNF

JONATHAN VANCE

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant Jonathan Vance's Motion to Compel Specific Performance (Doc. #40) filed on February 28, 2007. The Court required a response from the government (Doc. #41), and the government filed an In Camera Response on April 24, 2007, a copy of which was served upon defendant.

Defendant Jonathan Vance (defendant or Vance) seeks an order pursuant to Fed. R. Crim. P. 11(e)(3), 28 U.S.C. § 1361, and the Fifth Amendment Due Process Clause compelling the appropriate Assistant United States Attorney to specifically perform the terms of defendant's cooperation agreement with the United States. More specifically, defendant seeks to compel the government to fully evaluate his post-sentence cooperation and then to make a good faith determination as to whether it qualifies as substantial assistance for the purposes of Fed. R. Crim. P. 35(b).

## I.

Defendant was named in a one count Superceding Indictment (Doc. #3) charging that he and a co-defendant conspired to possess with intent to distribute fifty or more grams of cocaine base, crack cocaine.  In due course defendant signed a Plea Agreement (Doc. #19) in which, among other things, defendant waived his right to appeal the sentence (Id. at 12) and the government agreed to consider whether his cooperation qualified as substantial assistance (Id. at 4-5).  On the day of the change of plea hearing, defendant decided not to accept the Plea Agreement because he did not wish to waive his right to appeal.  (Doc. #23.)  A week later defendant plead guilty "straight up" to the charge without the benefit of a plea agreement.  (Doc. #27.)  Defendant did cooperate with the government, despite not being compelled to do so by a plea agreement, and prior to sentencing the government filed a Motion by the United States for Downward Departure of Defendant's Sentence Based upon Substantial Assistance (Doc. #34).  The Court granted the government's motion, departed four levels under the Sentencing Guidelines, and sentenced defendant to 120 months imprisonment. (Docs. #35, 36.)  Judgment was entered on November 5, 2004 (Doc. #36).  Defendant did not file a direct appeal.

## II.

The pertinent legal principles are well established where a defendant seeks to compel the government to file a Rule 35(b)

-2-

motion pursuant to a plea agreement.  The government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" <u>United States v. Forney</u>, 9 F.3d 1492, 1500 (11th Cir. 1993)(quoting <u>Wade v. United States</u>, 504 U.S. 181, 185 (1992)).  If a defendant alleges and makes a threshold showing that the government's refusal to file a substantial assistance motion was a breach of a plea agreement, an evidentiary hearing and affirmative relief may be appropriate.  <u>United States v. Gonsalves</u>, 121 F.3d 1416, 1419-20 (11th Cir. 1997).  However, if the plea agreement requires the government to "consider" filing a Rule 35 motion, the failure to file such a motion does not breach the agreement and a district court has no jurisdiction to review the claim of breach. <u>United States v. Forney</u>, 9 F.3d 1492, 1499-1502.

Here, the record demonstrates that defendant entered his guilty plea without the benefit of a plea agreement.  Since there was no plea agreement in existence at the time of the guilty plea, there can be no breach.  Even if the Plea Agreement somehow survived, the plain language of the Plea Agreement only required the government to "consider" filing a Rule 35 motion.  Accordingly, the Court has no jurisdiction to review defendant's assertion that there has been a breach of a plea agreement.

Additionally, a district court has jurisdiction to review a prosecutor's refusal to file a substantial assistance motion if the refusal was based on an unconstitutional motive like race or religion, or was not rationally related to any legitimate

government end.  Wade v. United States, 504 U.S. 181, 185-86.  Mere claims of substantial assistance and generalized allegations of improper motive are not sufficient.  Judicial review is appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of an constitutionally impermissible motivation."  United States v. Forney, 9 F.3d 1492, 1502.

Here, defendant asserts only that the failure to file a Rule 35(b) motion for him was not rationally related to any legitimate government end.  Defendant makes no substantial showing that this is the case, but merely assumes such is the case because he feels his assistance has been substantial.  The Court concludes that defendant has not shown the Court has jurisdiction to review this allegation.

Defendant's due process argument is premised on the existence of a cooperation plea agreement which, defendant asserts, the government has violated.  For the reasons stated above, defendant has failed to allege and substantially show the existence of such an agreement, and therefore no due process claim is set forth in the motion.

The defendant also asserts a violation of Fed. R. Crim. P. 11(e)(3) and Rule 11(e)(1)(A), (B), and (C).  No such rules exist, but the Court assumes defendant is referring to Rule 11(c) and its sub-parts.  Since a plea agreement was not involved in defendant's

guilty plea, he states no cognizable claim under any portion of Rule 11(c).

Defendant also seeks an order of mandamus under 28 U.S.C. § 1361 compelling the Assistant U.S. Attorney to evaluate and consider his post-sentencing cooperation. "Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion or a usurpation of judicial power." In re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003). Mandamus is a legal remedy largely controlled by equitable principles, and its issuance is a matter of judicial discretion. Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." Id. at 1258. Assuming the Court has mandamus jurisdiction, the Court finds that defendant has not established either that he has a clear right to the filing of a Rule 35(b) motion or that the government has a clear duty to file such a motion. Therefore, the request for a writ of mandamus will be denied.

The Court has reviewed defendant's motion liberally because of his *pro se* status, and finds no other jurisdictional basis upon which to consider his claims.

Accordingly, it is now

**ORDERED:**

-5-

Defendant Jonathan Vance's Motion to Compel Specific Performance (Doc. #40) is **DISMISSED** for lack of jurisdiction, and alternatively is **DENIED** on the merits.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of June, 2007.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of Record
Jonathan Vance