UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                              Case No. 2:04-cr-3-FTM-29DNF

JONATHAN VANCE

_____

### OPINION AND ORDER

This matter is before the Court on defendant Jonathan Vance's *pro se* Motion to Modify the Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #109) filed on December 12, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

### I.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).  The relevant United States Sentencing

Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Vance satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

---

[1]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2).  First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced.  U.S.S.G. § 1B1.10(b)(1).  In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected."  U.S.S.G. § 1B1.10(b)(1).  The Court uses that new base level to determine what ultimate sentence it would have imposed.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence.  Bravo, 203 F.3d at 781.  In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement.  Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760.  The Court must also consider the nature

and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii).  While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. <u>Vautier</u>, 144 F.3d at 760; <u>United States v. Cothran</u>, 106 F.3d 1560, 1562 (11th Cir. 1997); <u>United States v. Vazquez</u>, 53 F.3d 1216, 122728 (11th Cir. 1995).

## II.

At the original sentence, the Court determined that defendant's Total Offense Level was 31, his Criminal History Category was V, and the Sentencing Guidelines range was 168 to 210 months imprisonment.  The application of Amendment 706 results in a Total Offense Level of 29, a Criminal History Category of V, and a Sentencing Guidelines range of 140 to 175 months imprisonment. The Court also granted a § 5K1.1 departure and a reduction under Rule 35 motion, and sentenced defendant to 100 months incarceration.  The Court concludes that this departure and reduction should be deducted from the re-calculated Total Offense Level after application of Amendment 706.  This results in a range of 84 to 105 months imprisonment.  The Probation Office reports that defendant has obtained his General Education Diploma, paid his

special assessment, and not had nay disciplinary actions while imprisoned.   Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Defendant also asserts that the Court should take this opportunity to further reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007).   The Court declines to do so. Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a de novo resentencing.   United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); Cothran, 106 F.3d at 1562.   The Court does not re-examine the other sentencing determinations made at the original sentencing.   Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781.   Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions."   Moreno, 421 F.3d at 1220; United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Defendant's Motion to Modify the Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #109) is **GRANTED** as set

forth below.

2.    The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 84 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.   This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this __9th__ day of January, 2009.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Molloy
Jonathan Vance
U.S. Probation
U.S. Marshal